278

# CIRCUIT COURT OF LOUDOUN COUNTY

In re Estate of
Evelyn Krakowian

## Case No. (Chancery) 23289

March 25, 2004

April 15, 2004

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on April 2, 2004, to be heard on the Petition for Probate of the document executed by Evelyn Krakowian on April 23, 1999, as her last will and testament. Ms. Krakowian died on June 9, 2003. The Petition was filed by Patrice Rice, a daughter of Ms. Krakowian and a beneficiary under the purported will. The Petition is opposed by the Respondent, Donna L. Crisp, also a daughter of Ms. Krakowian and a beneficiary under the purported will.

After consideration of the Stipulations and the memoranda and the argument of counsel, the Petition is granted.

The parties stipulated to certain facts. A copy of the Stipulations is attached hereto and made a part hereof. As set forth in the Stipulations, the parties agreed that there is only one issue affecting the validity of the purported will:

> Have the attesting witnesses subscribed the purported will so as to cause it to be the valid last will and testament of Ms. Krakowian under Va. Code § 64.1-49?

The purported will was executed in Cook County, Illinois. It appears to have been executed in order to comply with the requirements of the State of Illinois for a self-proving will. The issue arises solely because the names of the attesting witnesses are printed in the blanks at the end of the clause on page 5 of the purported will. The witnesses, however, only signed the will at

the bottom of the clause on page 6 of the purported will just above the signature of the notary public.

Va. Code § 64.1-49 provides:

> No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary. If the will be wholly in the handwriting of the testator that fact shall be proved by at least two disinterested witnesses.

The Petitioner argues that the signatures of the witnesses on page 6 and the printed names of the witnesses on page 5 are sufficient to meet the subscription requirements of § 64.1-49. The Respondent calls this a "reckless contention." I disagree with the Respondent. I think that the signatures on page 6 meet the subscription requirement.

The purpose of § 64.1-49 in requiring subscription of a will by competent witnesses in the presence of the testator is to prevent fraud, deception, mistake, and the substitution of a surreptitious document. *Ferguson v. Ferguson,* 187 Va. 581, 591 (1948). There is no evidence here of fraud, deception, mistake, or substitution of a document. The sole issue is whether the witnesses subscribed the will.

Respondent bases her argument on what she feels is the Petitioner's assertion that the signatures on page 6 somehow make signatures out of the printed names on page 5 or are substitutes for the printed names on page 5. I do not think that is the Petitioner's argument. If it is, I do not think it is necessary because the witnesses' signatures on page 6 are sufficient.

Just because there are no reported cases allowing probate of a will similar to this one is no reason to deny probate. I do not accept the Respondent's argument that page 6 is not part of the purported will because it is an attempt at a self-proving certificate. I agree that page 6 may not be a valid self-proving provision under Virginia law, but I do not think that it is, therefore, not considered to be part of the will. If a purported attestation clause is somehow defective, then, even a defective self-proving certificate

can be a proper attestation clause provided it contains all the things required by § 64.1-49, including being signed at the end by the witnesses. And that is exactly the case here. Further, I think that both pages 5 and 6 taken together constitute a sufficient attestation provision under Virginia law.

It is not necessary to consider whether a printed name is a signature. Attestation is not an issue because the parties stipulated that the witnesses attested the signature of Ms. Krakowian. Under Va. Code § 64.1-49, no form of attestation is necessary.

I decline to award attorney's fees to either party. However, the attorney's fees and costs incurred by the Petitioner in bringing this proceeding shall be paid as a cost of administering the estate.

Let Mr. Ferguson submit an order consistent herewith granting probate of the will of Ms. Krakowian to which he and Mr. Bishop may note any exceptions.